IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Robert Graham, Jr.,                      )<br>                                                    )<br>            Plaintiff,             )<br>                                                    )<br>vs.                                              )<br>                                                    )<br>Henry McMaster, Governor; Bryan )<br>Stirling, Director SCDC,            )<br>                                                    )<br>            Defendants.        )<br>_____ ) | Civil Action No. 6:20-cv-01738-TMC<br><br>**ORDER** |

Plaintiff Robert Graham, Jr. ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 alleging the Defendants violated his constitutional rights. (ECF Nos. 1, 17, 39). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). On August 4, 2020, the magistrate judge issued order finding the case was subject to summary dismissal for failure to state a cognizable claim for relief and granting Plaintiff fourteen (14) days in which to file an amended complaint. (ECF No. 32). On September 21, 2020, Plaintiff filed an Amended Complaint. (ECF No. 39). Accordingly, now before the court is the magistrate judge's Report and Recommendation ("Report"), finding the Amended Complaint does not cure the deficiencies in the original complaint and recommending that the court dismiss this action with prejudice and without issuance and service of process. (ECF No. 47). Plaintiff filed objections to the Report, (ECF No. 49), and this matter is now ripe for review.[1]

---

[1] On November 13, 2020, Plaintiff submitted supplemental objections to the Report which were received and filed by the Clerk's Office on November 16, 2020. (*See* ECF No. 51-2). Objections to the magistrate judge's Report were due by November 3, 2020. *See* (ECF No. 47). Because Plaintiff was served by mail, he was permitted an additional three (3) days, until November 6, 2020, to file any objections. *See* Fed. R. Civ. P. 6(d). Plaintiff's supplemental objections were not mailed until November 13, 2020. (ECF No. 51-2 (envelope stamped as received by the prison mailroom on November 13, 2020)); *see also Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that a prisoner's

1

**BACKGROUND**

In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. (ECF No. 47 at 2–3). Briefly, Plaintiff is currently in the custody of the South Carolina Department of Corrections ("SCDC") and being held at the Perry Correctional Institute. *See* (ECF No. 39). Plaintiff alleges that the Defendants violated his constitutional rights with respect to the on-going COVID-19 pandemic by (1) failing to ensure Plaintiff can adequately social distance within the prison, (2) negligently supervising SCDC, and (3) failing to ensure that the Centers for Disease Control ("CDC") guidelines are followed. (ECF Nos. 39 at 4, 5; 39-1 at 1, 2–3, 7–9). Plaintiff asserts that Defendants are liable for SCDC's conduct based on their supervisory capacity under the South Carolina Constitution. (ECF No. 39-1 at 6). For relief, Plaintiff seeks to be released from prison as well as monetary damages. (ECF No. 39 at 6).

**STANDARD OF REVIEW**

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).

---

pleadings are considered filed at the moment they are delivered to the prison authorities for forwarding to the court). Accordingly, the supplemental objections are untimely and the court declines to consider them.

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)).  On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections.  *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge").  Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation.  *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case.  *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally").  This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court.  *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett*

*v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

## DISCUSSION

In his Report, the magistrate judge recommends that the court dismiss Plaintiff's complaint with prejudice for the following reasons: (1) to the extent Plaintiff seeks to be released from prison, the court does not have the authority to grant such relief in an action under § 1983; (2) Plaintiff's allegations regarding the conditions of his confinement fail to show how Defendants were personally involved in the purported violations or how such violations affected Plaintiff himself, as opposed to all SCDC inmates; (3) the doctrines of vicarious liability and *respondeat superior* generally do not apply in § 1983 actions; (4) negligence is not actionable in a suit under § 1983; and (5) as to Plaintiff's claims that Defendants denied him medical treatment by refusing to test or treat inmates with COVID-19, Plaintiff has failed to set forth any allegations establishing his medical condition or a constitutionally cognizable injury. (ECF No. 47 at 3–8). The magistrate judge further noted that Plaintiff's Amended Complaint appears to abandon his claims against SCDC. *Id*. at 8; *compare* (ECF No. 39), *with* (ECF No. 1).

Although Plaintiff filed objections to the Report, they are in large part illegible and, to the extent they are decipherable, they are unintelligible. *See* (ECF No. 49). Further, based on what the court can glean, the objections are non-specific, unrelated to the dispositive portions of the Report, or merely restate Plaintiff's claims. *See id*. Most of Plaintiff's objections appear to merely repeat allegations and arguments raised in his Amended Complaint. *See* (ECF Nos. 39; 39-1). However, restating arguments previously submitted to the court does not constitute a specific objection to the magistrate judge's Report. *See Frazier*, 2012 WL 5381201, at *1. The remainder

of the objections simply state Plaintiff's disagreement with the Report but fail to identify any error in the magistrate judge's analysis or conclusions. Objections which "merely express disagreement with the magistrate judge's Report . . . in lieu of any actual argument or specific assertion of error in the magistrate judge's findings" do not constitute specific objections requiring *de novo* review by this court. *Lowdermilk v. LaManna*, Civ. A. No. 8:07-2944-GRA, 2009 WL 2601470, at *2 (D.S.C. Aug. 21, 2009); *see also Orpiano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir. 1982) (noting that *de novo* review is not required where a party makes only general and conclusory objections that do not direct the court to a specific error in the Report). Accordingly, the court need only review the Report for clear error. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).

Having thoroughly reviewed the record, the court finds no clear error in the magistrate judge's Report (ECF No. 47) and is aware of no reason to deviate from the Report's recommended disposition. The court, therefore, adopts the magistrate judge's Report, *id*., and incorporates it herein. Accordingly, this action is **DISMISSED with prejudice** and without issuance and service of process. Plaintiff's pending motions for judgment on the pleadings (ECF No. 54) and for leave to further amend his complaint (ECF No. 55)[2] are **DENIED as moot**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

---

[2] A review of the issues raised in the motion to amend the complaint (ECF No. 55) reflects that it does not address the deficiencies of the original and amended complaint. Liberally construing the motion, the court finds that, to the extent it is decipherable, it simply restates the claims set forth in Plaintiff's prior pleadings. *See* (ECF Nos. 1, 39, 55). Federal Rule of Civil Procedure 15 (a)(2) provides that a court should freely give leave to amend a complaint when justice so requires. However, a court may deny leave to amend when the proposed amendment would be futile. *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc*., 525 F. 3d 370, 376 (4th Cir. 2008) (citing *U.S. ex rel. Fowler v. Caremark RX, LLC*, 496 F.3d 730, 740 (7th Cir. 2007)). Because Plaintiff's proposed amended complaint fails to properly state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) and does not cure the deficiencies cited in the Report, the court finds the proposed amended complaint would be futile such that the motion to amend complaint (ECF No. 55) should be denied.

Anderson, South Carolina
January 25, 2021

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.